UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LORENA FEE, | ) | |
|         Plaintiff, | ) | |
| | ) | 3:12-cv-00302-RCJ-VPC |
| vs. | ) | |
| | ) | |
| MANAGEMENT & TRAINING CORP., | ) | **ORDER** |
| | ) | |
|         Defendant. | ) | |

This case arises out of the termination of a private employee, allegedly in violation of the Americans with Disabilities Act ("ADA"). Defendant filed a motion to dismiss, to which Plaintiff responded by filing an Amended Complaint ("AC"). Defendant then filed a motion to dismiss the AC. For the reasons given herein, the Court grants the motions, with leave to amend in part.

I.  **FACTS AND PROCEDURAL HISTORY**

Plaintiff Lorena Fee was employed by Defendant Management and Training Corp. ("MTC") from June 1, 2010 until late July 2010. (Am. Compl. ¶ 4, July 18, 2012, ECF No. 4). Plaintiff has two skin conditions, eczema and alopecia areata universalis. (*Id.* ¶ 7). Eczema causes itching, and exposure to heat and sunlight exacerbates the condition. (*Id.*). Alopecia areata universalis is a condition consisting of hair loss throughout the body caused by the immune system attacking hair follicles. (*Id.*). Plaintiff does not allege that heat and sunlight

exacerbate alopecia areata universalis. (*See generally id.*).

Plaintiff's doctor recommended that she not remain outside in the heat and sunlight during the summer months, and Defendant was aware of this. (*Id.*). Plaintiff alleges she could perform most of the essential functions of her position (secretarial duties) without accommodation, and that she could monitor students outside during the summer months with reasonable accommodation. (*See id.* ¶ 8). Plaintiff does not allege what accommodation would permit her to monitor students outside during the summer months, (*see id.*), though she alleges that she "sought this accommodation for her condition days before she was terminated." (*Id.* ¶ 9). Plaintiff notes that Defendant permitted her to wear protective clothing to alleviate the direct sunlight, but this solution exacerbated the heat. (*See id.*). Plaintiff does not specify what other accommodation(s) she sought. (*See generally id.*).

Defendant terminated Plaintiff because of her disability and in retaliation for seeking the unspecified accommodation(s). (*See id.*). Plaintiff alleges that Defendant's reason for terminating her, i.e., poor work performance, was pretextual. (*See id.* ¶¶ 9–10). Plaintiff originally sued Defendant under the ADA and § 503 of the Rehabilitation Act. In the AC, Plaintiff has slightly amplified the original allegations and has removed the § 503 claim. The AC does not add any causes of action or meaningfully add to the allegations in the Complaint in a way that would make the original motion to dismiss moot, and Defendant has filed a new motion to dismiss, in any case.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must do more than specify the legal theory under which he seeks to hold a defendant liable; he also must identify the theory of his own case so that the court can properly determine not only whether any such legal theory exists (*Conley* review), but also whether the plaintiff has any basis for relief under such a theory even assuming the facts are as he alleges (*Twombly-Iqbal* review).

 "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which

are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

Direct discrimination is prohibited by § 12112(a). *See* 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.").  The retaliation provision makes it unlawful to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).  Plaintiff alleges Defendant terminated her both for her disability and in retaliation for requesting the unspecified accommodation. (*See* Am. Compl. ¶ 9 ("Defendant terminated Plaintiff because of her disability and in retaliation for her seeking an accommodation.")).  Plaintiff therefore appears to bring both failure-to-accommodate and retaliation claims.

Defendant recounts Plaintiff's alleged violations of the employee dress code, poor attitude, and poor attention to detail during her probationary period.  Defendant also notes that Plaintiff's doctor's note proscribed neither the manner of dress that Plaintiff insisted upon wearing (jeans and flip-flops) nor that she never be outside in the heat and sunlight, but only that

she wear cool, non-irritating clothing and that she spend no more than fifteen minutes at a time outdoors in hot or cold temperatures. These are facts for summary judgment, however, not for determination of the present motion to dismiss.

Defendant also notes that Plaintiff's charge of discrimination with the Office of Federal Contract Compliance Programs ("OFCCP") alleging gender and disability discrimination identified her eczema but did not specifically allege what major life activities were affected or that she had a medical necessity to wear jeans and flip-flops. Defendant does not specify any jurisdictional issues stemming from the charge of discrimination.

Defendant's first substantive argument is that there is no private right of action under § 503 of the Rehabilitation Act. Plaintiff has removed references to § 503 in the AC and appears now to rely purely on the ADA.

Defendant next argues that Plaintiff has not sufficiently pled a prima facie failure-to-accommodate claim.

> To establish a prima facie case for failure to accommodate under the ADA, [a plaintiff] must show that "(1) [s]he is disabled within the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability."

*Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (quoting *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003)) (second through fourth alterations in original). "The term 'disability' means . . . a physical or mental impairment that substantially limits one or more major life activities of such individual[,] a record of such an impairment[,] or . . . being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1), (1)(A)–(1)(C).

Defendant argues that Plaintiff has not sufficiently alleged she is "disabled" under the ADA. The ADA gives a non-exhaustive list of "major life activities," which includes nearly every conceivable activity, such as walking, thinking, standing, working, etc. *See id.* at § 12102(2)(A). Although an individualized analysis is required, courts typically reject claims that

skin conditions constitute a disability under the ADA. *See, e.g.*, *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 937 (7th Cir. 2007) (finding at the summary judgment stage that although the skin condition "endometriosis is undoubtedly painful," it did not prevent her from "perform[ing] the tasks central to most people's lives, and this dooms her claim that she is suffering from a disability cognizable under the ADA."); *Arce v. ARAMARK Corp.*, 239 F. Supp. 153, 166–67 (D.P.R. 2003) (ruling that an employee who suffered from the skin condition vitiligo could not establish that it rendered him disabled under the ADA despite his claim that his skin itched when he was exposed to the sun, because he did not demonstrate how he was limited in any major life activity). Likewise, here, as opposed to alleging discomfort in the heat and sun, Plaintiff has not alleged how any daily major life activities are substantially limited by her condition. She specifies only "going outside in the day time in summer" as a major life activity substantially impaired by her eczema. (*See* Am. Compl. ¶ 7). The Court will therefore grant the motion to dismiss as to the failure-to-accommodate claim, with leave to amend.

Defendant next argues that Plaintiff has not pled that she is a qualified individual able to perform the essential functions of the job with a reasonable accommodation. The Court will dismiss for this reason as well. Defendant is correct that Plaintiff has not specified the reasonable accommodation she requested that would have permitted her to observe students outside in the summertime, whether this was an essential function of the employment, or why she is qualified for the essential functions of the employment.

Defendant next argues that plaintiff fails to allege any facts indicating retaliation. To make out a prima facie case of retaliation under the ADA, a plaintiff must show a causal link between her protected activity and an adverse employment action. *See, e.g.*, *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003). Plaintiff must plead facts indicating a causal link between her termination and her request for a reasonable accommodation. But Plaintiff has failed to specify what accommodation she sought, or with whom she sought it. She has simply

recited the statutory requirement that she sought some unspecified accommodation with some unidentified person. She bases her claim of retaliation purely upon the alleged timing of her unspecified request and her termination. Although Defendant makes unmeritorious arguments that Plaintiff cannot use evidence in the present case that she failed to adduce in administrative proceedings—Plaintiff need only exhaust claims, not each piece of evidence pertaining to her claims—Defendant is correct that Plaintiff has not pled facts making retaliation plausible.

Defendant next argues that damages are not available under the retaliation claim. Defendant is correct. *See Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009) (Rawlinson, J.). The Court will therefore dismiss the retaliation claim with prejudice to the extent Plaintiff seeks damages thereunder, but will give leave to amend to seek equitable relief.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 3, 5) are GRANTED, with leave to amend in part. Plaintiff may amend as to all aspects of the AC except as to the prayer for damages under the retaliation claim.

IT IS SO ORDERED.

Dated this 9th day of October, 2012.

_____
ROBERT C. JONES
United States District Judge