1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

| | | |
|---|---|---|
| LORENA FEE, | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | 3:12-cv-00302-RCJ-VPC |
|       vs. | ) | |
| | ) | |
| MANAGEMENT & TRAINING CORP., | ) | **ORDER** |
| | ) | |
|         Defendant. | ) | |
| | ) | |

9
10
11
12
13
14

      This case arises out of the termination of a private employee, allegedly in violation of the

15

Americans with Disabilities Act ("ADA"). Defendant filed a motion to dismiss, to which

16

Plaintiff responded by filing an Amended Complaint ("AC"). Defendant then filed a motion to

17

dismiss the AC. The Court granted the motions, with leave to amend, except as to the prayer for

18

damages under the retaliation claim. Pending before the Court is a motion to dismiss the Second

19

Amended Complaint ("SAC"). For the reasons given herein, the Court grants the motion.

20

**I.      FACTS AND PROCEDURAL HISTORY**

21

      Plaintiff Lorena Fee was employed by Defendant Management and Training Corp.

22

("MTC") from June 1, 2010 until late July 2010. (Am. Compl. ¶ 4, July 18, 2012, ECF No. 4).

23

Plaintiff has two skin conditions, eczema and alopecia areata universalis. (*Id.* ¶ 7). Eczema

24

causes itching, and exposure to heat and sunlight exacerbates the condition. (*Id.*). Alopecia

25

areata universalis is a condition consisting of hair loss throughout the body caused by the

1  immune system attacking hair follicles. (*Id.*).  Plaintiff does not allege that heat and sunlight

2  exacerbate alopecia areata universalis. (*See generally id.*).

3      Plaintiff's doctor recommended that she not remain outside in the heat and sunlight

4  during the summer months, and Defendant was aware of this. (*Id.*).  Plaintiff alleges she could

5  perform most of the essential functions of her position (secretarial duties) without

6  accommodation, and that she could monitor students outside during the summer months with

7  reasonable accommodation. (*See id.* ¶ 8).  Plaintiff does not allege what accommodation would

8  permit her to monitor students outside during the summer months, (*see id.*), though she alleges

9  that she "sought this accommodation for her condition days before she was terminated." (*Id.* ¶ 9).

10  Plaintiff notes that Defendant permitted her to wear protective clothing to alleviate the direct

11  sunlight, but this solution exacerbated the heat. (*See id.*).  Plaintiff does not specify what other

12  accommodation(s) she sought. (*See generally id.*).

13      Defendant terminated Plaintiff because of her disability and in retaliation for seeking the

14  unspecified accommodation(s). (*See id.*).  Plaintiff alleges that Defendant's reason for

15  terminating her, i.e., poor work performance, was pretextual. (*See id.* ¶¶ 9–10).  Plaintiff

16  originally sued Defendant under the ADA and § 503 of the Rehabilitation Act.  In the AC,

17  Plaintiff slightly amplified the original allegations and has removed the § 503 claim.  The AC did

18  not add any causes of action or meaningfully add to the allegations in the Complaint in a way that

19  would make the original motion to dismiss moot, and Defendant filed a new motion to dismiss.

20  The Court granted the motions to dismiss, with leave to amend in part.  Plaintiff filed the SAC,

21  which reorganizes some of the allegations and attempts to cure the deficiencies by alleging: (1)

22  the major life activities that Plaintiff's skin condition impairs are "having normal skin and being

23  pain free"; and (2) that the accommodation she requested was to have her supervision of students

24  limited to fifteen minutes during the summer months. (*See* Second Am. Compl. ¶¶ 6, 12–17, Oct.

25  23, 2012, ECF No. 13).  Defendant has moved to dismiss.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must do more than specify the legal theory under which he seeks to hold a defendant liable; he also must identify the theory of his own case so that the court can properly determine not only whether any such legal theory exists (*Conley* review), but also whether the plaintiff has any basis for relief under such a theory even assuming the facts are as he alleges

Page 3 of  6

1   (*Twombly-Iqbal* review).

2        "Generally, a district court may not consider any material beyond the pleadings in ruling

3   on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

4   complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

5   *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

6   whose contents are alleged in a complaint and whose authenticity no party questions, but which

7   are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

8   motion to dismiss" without converting the motion to dismiss into a motion for summary

9   judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

10  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

11  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

12  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

13  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

14  2001).

15  **III.   ANALYSIS**

16       First, the Court finds that Plaintiff has still not sufficiently alleged a disability under the

17  ADA.  The ADA gives a non-exhaustive list of "major life activities." *See id.* at § 12102(2)(A).

18  Although an individualized analysis is required, courts typically reject claims that skin conditions

19  constitute a disability under the ADA. *See, e.g.*, *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 937

20  (7th Cir. 2007) (finding at the summary judgment stage that although the skin condition

21  "endometriosis is undoubtedly painful," it did not prevent her from "perform[ing] the tasks

22  central to most people's lives, and this dooms her claim that she is suffering from a disability

23  cognizable under the ADA."); *Arce v. ARAMARK Corp.*, 239 F. Supp. 153, 166–67 (D.P.R.

24  2003) (ruling that an employee who suffered from the skin condition vitiligo could not establish

25  that it rendered him disabled under the ADA despite his claim that his skin itched when he was

exposed to the sun, because he did not demonstrate how he was limited in any major life

activity).  Likewise, here, as opposed to alleging discomfort in the heat and sun, Plaintiff has not

alleged how any daily major life activities are substantially limited by her condition.  An activity

is not the same thing as a condition.  Plaintiff conflates major life activities with the lack of the

condition itself.  "Having normal skin" is not a major life activity, or any activity at all, but a

condition.  An ADA plaintiff must allege that a particular state of affairs, i.e., the physical or

medical condition, impairs a major activity, i.e., something that people normally engage in.

Being free of an alleged disability does not itself constitute a major life activity such that an ADA

plaintiff may define herself into being disabled under the statute in circular fashion.[1]  After three

tries, Plaintiff has not alleged the impairment of any major life activity.

Second, Plaintiff conflates accommodation with relief from duties.  Accommodation is

some extraordinary assistance by an employer that makes a task possible, where the task would

otherwise be impossible due to the disability, e.g., the provision of a telephone with large buttons

for a person with visual or motor impairment, or an office space with wide paths for a person

who uses a wheelchair.  These accommodations remove barriers to effective performance of

essential tasks.  Plaintiff has alleged that monitoring students is an "outside essential function" of

her employment.  It is not clear whether Plaintiff means this is an essential function to be

performed outdoors ("outside"), or if she meant to say "nonessential function."  In any case,

Plaintiff has not specified the reasonable accommodation she requested that would have

permitted her to observe students outside in the summertime.  She alleges that the

accommodation she requested was that she simply not be required to perform this task.  And this

is where Plaintiff conflates accommodation with relief from duties.  Plaintiff does not allege, for

---

[1]For example, breathing is a major life activity that an allergy to pollen may impair, making the allergy a disability under the statute.  But it is *breathing* that is the major life activity, not the potential condition of not having the allergy as such, and it is the *impairment of breathing* that makes the allergy a disability, not the "impairment" of the condition of not having allergies.

example, that she requested a lawn chair, a parasol, and a fan (which would likely be reasonable

accommodations under the circumstances) so that she might observe students outside in the

summer for more than fifteen minutes, or that she be permitted to observe students from inside a

building (which might also be reasonable if no students were young children and supervision did

not require frequent, direct interaction), or even that the class be moved indoors entirely.

Plaintiff simply alleges that Defendant refused to relieve her from this particular duty upon her

demand, while apparently suggesting no reasonable accommodation.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge